Electronically Filed
Intermediate Court of Appeals
29892
23-DEC-2010
09:00 AM

NO. 29892

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CITY AND COUNTY OF HONOLULU, Plaintiff-Appellee,
v.
JAMES M. SMITH and ROBERT H. LEE, Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0192)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Defendants-Appellants James M. Smith and Robert H. Lee
(collectively, Employees) appeal from the Final Judgment in Favor
of Plaintiff City and County of Honolulu (Judgment) filed on
May 27, 2009 in the Circuit Court of the First Circuit (circuit
court).[1] The circuit court entered judgment in favor of
Plaintiff-Appellee City and County of Honolulu (the City) and
against Employees. The Judgment incorporated by reference the
circuit court's "Order Regarding Joint Submission of Cross-
Motions for Summary Judgment Filed July 28, 2008" (Order Granting
City's MPSJ/Denying Employees' MPSJ), filed on September 22,
2008.

---

[1] The Honorable Victoria A Marks presided.

On appeal, Employees contend the circuit court erred in granting the City's "Motion for Partial Summary Judgment as to the Subsidized Vehicles Claim" and concluding that in light of the subsidized vehicle allowance set forth in the collective bargaining agreement between the City and the State of Hawai'i Organization of Police Officers, the City was not required under the Fair Labor Standards Act (the FLSA) to compensate Employees for personally servicing, cleaning, and maintaining[2] their City-subsidized vehicles (alternatively, subsidized vehicles or the vehicles) when they are off duty. Employees maintain that the circuit court erred in concluding that no disputed issues existed as to whether the Employees were expected or required to work on subsidized vehicles on an uncompensated, off-duty basis.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Employees' appeal is without merit.

Reviewing the circuit court's award of summary judgment de novo, <u>Bitney v. Honolulu Police Dep't</u>, 96 Hawai'i 243, 250, 30 P.3d 257, 264 (2001), we hold the circuit court did not err in concluding that the City was not required under the FLSA to compensate Employees for their off-duty work on the vehicles. The circuit court concluded in relevant part:

> Motorized officers (officers with subsidized vehicles) are not expected to nor required to spend any of their personal time [working on] their subsidized vehicles. An officer who chooses to personally [work on] his or her subsidized vehicle does so for the personal benefit of being able to keep the money that would otherwise be used to pay for the services they are electing to perform on their own.

---

[2] In the proceedings below and on appeal, work performed on the vehicles by Employees is referred to as, e.g., "servicing, cleaning, and maintaining"; "cleaning and maintaining"; and "repairing, maintaining or cleaning." For the sake of simplicity, throughout this opinion, we refer to the work performed on the vehicles as "work" or "the work."

No court has ever held that police officers who received subsidized vehicle allowances are entitled to receive additional compensation if they elect to personally spend their free time [working on] their vehicles rather than using the cash allowance to purchase cleaning, maintenance or repair services.

Finally, *Hellmers v. Town of Vestal*, 969 F. Supp. 837 (N.D.N.Y. 1997), involved an analogous situation where officers sought compensation for time spent cleaning and maintaining their uniforms even though the officers received a stipend for either dry cleaning or purchasing new uniforms. There, the court concluded that the officers were not entitled to compensation for the time they elected to spend cleaning and maintaining their uniforms.

Similarly, when officers have bargained for and received a subsidy to reimburse officers for the use, maintenance, cleaning and repair costs associated with the subsidized vehicles, the officers are not entitled to be compensated for the time they elect to spend [working on] their subsidized vehicles.

Employees have cited to no authority to support the notion that an employer is required to compensate its employees for off-duty work under the FLSA where, as here, the employees already receive an allowance to reimburse the employees for costs associated with the task, and we find none. On the other hand, as the circuit court noted in its Order Granting City's MPSJ/Denying Employees' MPSJ, the United States District Court for the Northern District of New York in Hellmers v. Town of Vestal, N.Y., 969 F. Supp. 837, 844 (N.D.N.Y. 1997), held that Hellmers was not entitled to overtime compensation under the FLSA for time spent cleaning and maintaining his police uniform because although uniform cleaning was a type of activity generally compensable under the FLSA, the Town of Vestal Police Department, pursuant to a collective bargaining agreement between the Town of Vestal and its police officers, "specifically provides its officers with a stipend for 'either dry cleaning or purchasing new uniforms.'"

Therefore,

IT IS HEREBY ORDERED that the Final Judgment in Favor of Plaintiff City and County of Honolulu filed on May 27, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, December 23, 2010.

On the briefs:

Vladimir Devens
(Meheula & Devens, LLP)
for Defendants-Appellants.

Steven M. Nakashima,
Melanie Mito May,
William N. Ota
(Marr Jones & Wang, LLLP) and
Duane W.H. Pang,
Deputy Corporation Counsel,
City and County of Honolulu,
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

Associate Judge